Thomas V. Dadey, Esq. Town Attorney, Tully
The purchase of land for the establishment of public parks or playgrounds is required to be approved by the electors of a town (Town Law, §81[1][d]). The town board may submit the proposition to the electors on its own motion and must submit a proposition upon petition. You have asked whether the town board has the discretion to submit such a proposition at either a special or biennial town election.
Under section 81 of the Town Law "the town board may upon its own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition" to establish public parks and playgrounds. If the petition procedure were involved, the timing of the petition would govern when it would be submitted to the voters. Thus, subdivision 4 of section 81 provides:
 "Such petition shall be subscribed and authenticated, in the manner provided by the election law for the authentication of designating petitions, by electors of the town qualified to vote upon a proposition to raise and expend money, in number equal to at least five per centum of the total votes cast for governor in said town at the last general election held for the election of state officers, but such number shall not be less than one hundred in a town of the first class nor less than twenty-five in a town of the second class. If such a petition be filed in the office of the town clerk not less than thirty days, nor more than forty-five days, prior to a biennial town election, the proposition shall be submitted at such biennial election. If a petition be presented at any other time, a special election shall be called to be held not less than thirty days, nor more than forty days after the filing of such petition."
Thus, the timing of the petition would determine whether the proposition would be submitted at a special or biennial election.
We believe that the town board acting on its own motion has discretion to submit the proposition at either a special or biennial town election. The beginning sentence of section 81 is clear in providing this discretion, and we see no basis for deviating from this clear language. Further, the Legislature easily could have limited the options available to the town board, or could have linked the date of the election with the timing of the resolution by the town board. As we have shown, the Legislature focused on this question with respect to petitions under section 81 and linked the date of the election with the timing of the petition. The absence of such restrictions with respect to action by the board indicates that the decision to submit the proposition at a special or biennial election has been left to the town board.
We conclude that a town board has discretion to submit a proposition to purchase land for public parks or playgrounds to the electors at either a special or biennial town election.